OPINION
{¶ 1} The State of Ohio appeals an order of the Montgomery County Court of Common Pleas, which granted Carol Lee McGonegal's motion for judicial release.
 {¶ 2} On October 18, 2000, McGonegal was convicted by a jury of possession of marijuana, in violation of R.C. 2925.11(A), a felony of the second degree. In accordance with R.C.2925.11(C)(3)(f) and R.C. 2929.13(F)(5), McGonegal was sentenced to a mandatory prison term of eight years. She was released on bond pending an appeal of her conviction. On August 22, 2002, after her conviction had been upheld on appeal, McGonegal began serving her sentence. She received jail time credit of 165 days.
 {¶ 3} On January 7, 2005, the Governor of the State of Ohio directed that "the said offense of Carol McGonegal be commuted to 4 years." Shortly thereafter, McGonegal moved for a judicial release, pursuant to R.C. 2929.20(B), and requested community control sanctions. The state moved to dismiss McGonegal's motion, arguing that the commutation of her sentence from eight years to four years did not alter the mandatory nature of her sentence and, thus, she was not eligible for judicial release. The trial court overruled the state's motion to dismiss, reasoning that the Governor's commutation of McGonegal's offense to four years changed the nature of the offense to one no longer carrying a mandatory sentence. On April 6, 2005, the court granted McGonegal's motion for judicial release. However, the court further ordered that McGonegal's release from prison be stayed pending the outcome of an appeal by the state.
 {¶ 4} The state raises one assignment of error on appeal.
 {¶ 5} "Although the governor commuted appellee's sentence from eight years to four, he did not commute the offense, which was still a felony-two drug crime that required imposition of a mandatory sentence. thus, the lower court had no authority to grant appellee's motion for judicial release under R.C. 2929.20, when appellee was serving a mandatory four-year prison sentence. R.C. 2929.13(F)(5)."
 {¶ 6} The issue before this court is whether the commutation by the Governor eliminated the mandatory nature of McGonegal's prison sentence. We hold it did not.
 {¶ 7} Under R.C. 2967.01(C), commutation means "the substitution by the governor of a lesser for a greater punishment." R.C. 2967.01(C) further provides, in pertinent part: "The commutation may be stated in terms of commuting from a named offense to a lesser included offense with a shorter prison term, in terms of commuting from a stated prison term in months and years to a shorter prison term in months and years, or in terms of commuting from any other stated prison term to a shorter prison term."
 {¶ 8} Although the Governor's commutation ostensibly reduced McGonegal's offense, the Governor did not indicate that McGonegal's conviction for possession of marihuana under R.C.2925.11(A) was changed to a specified lesser included offense. Rather, the only change was to the length of McGonegal's prison term. Because the nature of McGonegal's offense required a mandatory prison term and the commutation in no way suggested that the offense was altered, we agree with the state that the reduced sentenced remained a mandatory sentence. In our judgment, if the Governor intended to remove the mandatory nature of McGonegal's sentence, that intent must have been clearly stated.
 {¶ 9} Under R.C. 2929.20(B), a sentencing court may reduce an eligible offender's stated prison term through a judicial release. To be eligible for judicial release, the offender's stated prison term must be of ten years or less. R.C. 2929.20(A). In addition, the stated prison term must not include a mandatory prison term or the offender must have served the mandatory portion of the stated prison term. Id.
 {¶ 10} As a result of the commutation, McGonegal was sentenced to a mandatory prison term of four years. At the time that the trial court granted her a judicial release, McGonegal had not yet served that term of imprisonment. Accordingly, McGonegal was not eligible for judicial release under R.C.2929.20.
 {¶ 11} The assignment of error is sustained.
 {¶ 12} The judgment of the trial court granting McGonegal's motion for judicial release will be reversed.
Brogan, P.J. and Young, J., concurs.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).